JOHN C. CRUDEN
Acting Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

ROBERT D. MULLANEY (Cal. Bar No. 116441)
Trial Attorney
Environmental Enforcement Section
U.S. Department of Justice
301 Howard Street, Suite 1050
San Francisco, CA 94105
Tel: (415) 744-6491
Fax: (415) 744-6476
E-mail: Robert.Mullaney@usdoj.gov

Attorneys for Plaintiff United States of America

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:08-CV-03968 TEH |
| Plaintiff, | |
| v. | JOINT STATUS REPORT, STIPULATION, AND [~~PROPOSED~~] ORDER |
| BRADLEY MINING COMPANY, et al., | |
| Defendants. | |

On March 19, 2009, Plaintiff United States and Defendants Bradley Mining Company ("Bradley Mining") and Frederick Bradley, as Trustee of the Worthen Bradley Family Trust ("Bradley Trust"), filed a joint status report, stipulation, and proposed Order to stay the proceedings and continue the initial case management conference. Docket No. 33. The Court entered its Order on March 20, 2009, granting the stay and continuing the case management conference until July 27, 2009. Docket No. 34. Pursuant to the Court's Order, the parties provide this joint report on case status, prospects of settlement, and case management scheduling, and submit a proposed Order to the Court.

## I.   CASE BACKGROUND

### A.   Sulphur Bank Mercury Mine - Case No. 3:08-CV-03968 (TEH)

The United States filed this case on August 19, 2008, alleging that Bradley Mining and the Bradley Trust are liable under Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9607, for costs incurred by the United States in connection with releases and threatened releases of hazardous substances at or from the Sulphur Bank Mercury Mine Site in Lake County, California ("Sulphur Bank Site"). In an Order dated October 30, 2008, the Court, with the consent of all parties, assigned Martin Quinn as the Mediator in this case. Docket No. 17. At the parties' request, the Court stayed this case on November 17, 2008, to allow the parties to participate in mediation before engaging in initial disclosures. Docket No. 21.

### B.   Stibnite Mine - Case No. 3:08-CV-05501 (TEH)

On September 26, 2008, the United States filed an action under Section 107 of CERCLA, 42 U.S.C. § 9607, against Bradley Mining in the District Court of Idaho for recovery of costs incurred by the United States in connection with the Stibnite Mine Site in Valley County, Idaho. Pursuant to the parties' stipulation, the District of Idaho ordered that the venue be changed to the Northern District of California.

In response to the parties' stipulation and the United States' motion in the Sulphur Bank case, this Court determined the Sulphur Bank and Stibnite Mine cases were related on December 23, 2008. Case No. 3:08-CV-03968 TEH, Docket No. 31. On January 16, 2009, in response to a

stipulation from the parties, this Court ordered that the Stibnite Mine litigation be stayed to allow the parties to participate in mediation before engaging in initial disclosures. Case No. 3:08-CV-05501 TEH, Docket No. 15.

### C. Mediation

On March 2 and 3, 2009, Plaintiff, the United States of America, and Defendants, Bradley Mining and Bradley Trust, participated in a mediation session with Mr. Quinn. In addition, representatives of the Elem Tribe attended the mediation. The Elem Tribe, which is a trustee for natural resources at the Sulphur Bank Site under 42 U.S.C. § 9601(16), had asserted, but not yet filed, cost recovery and natural resource damage claims under 42 U.S.C. § 9607 against Bradley Mining, Bradley Trust, and the United States.[1] Finally, representatives of two of Defendants' three insurance carriers attended the session.

At the mediation, the parties and the Elem Tribe reached an agreement in principle to settle the United States' claims against the Defendants in the Sulphur Bank and Stibnite Mine cases, the Defendants' counterclaims against the United States in the two cases, and the Elem Tribe's potential claims against the Defendants and the United States.

## II. CURRENT STATUS

Because the agreement in principle involved a transfer of some real property that contains hazardous substances, the United States has negotiated with the Elem Tribe about the terms of the settlement of its claims. In the past two months, the United States and the Elem Tribe have taken substantial steps to resolve these issues. In order to determine the extent of the contaminated area on the property, the United States has conducted sampling and discussed the results with the Elem Tribe. Based on these discussions, additional sampling is currently under way to more fully delineate the areas of contamination. The parties intend to use this new information to make a determination on the final terms of the settlement.

In addition, the United States and Defendants continue to pursue settlement negotiations

---

[1] In a demand dated May 16, 2009, the Elem Tribe provided written notice of its CERCLA claim to the United States.

with two additional insurers of Bradley Mining. One insurer stated its intent to provide a coverage letter to Bradley Mining by June 19, 2009, and indicated its interest in resolving this matter through further negotiation. Since the mediation in March 2009, the United States has developed additional coverage information and presented it to the second insurer of Bradley Mining. Negotiations with the second insurer are ongoing.[2]

The agreement in principle is not binding on the United States, the Defendants, or the Elem Tribe because final approval of the principal terms of the settlement and the terms of any settlement document on the part of the United States is subject to the approval of senior officials at the U.S. Department of Justice, U.S. EPA, and the U.S. Forest Service. At this point, the United States is drafting a Consent Decree to reflect the terms of the tentative settlement among the parties, and intends to send it to Defendants and the Elem Tribe for their review. After Defendants and the Elem Tribe review and comment on a draft Consent Decree, the parties will finalize the agreement.

If approved, the United States will then lodge the Consent Decree with the Court in both the Sulphur Bank and Stibnite Mine actions for a thirty-day public comment period. Final approval by the United States and entry of a proposed Consent Decree is subject to the Department of Justice's requirements set forth at 28 C.F.R. § 50.7, which provides for notice of the lodging of the Consent Decree in the Federal Register, a thirty-day public comment period, and consideration of any comments. After expiration of the thirty-day public comment period, the United States will review any comments. If there is no reason for the United States to withhold its consent, the United States will submit a Motion to Enter the Consent Decree that will address any public comments received. The Court's entry of the Consent Decree will constitute a final judgment between and among the United States, the Elem Tribe, and the Defendants.

---

[2] If negotiations with these insurers are not productive, the parties are prepared to terminate negotiations with the insurers and to reserve their rights to proceed separately against the insurers.

III. **STIPULATION REGARDING PROPOSED ORDER**

As provided in the proposed Order below, the parties jointly stipulate and request the Court to: (1) stay all proceedings in this matter, with the exception of any further mediation-related proceedings, until the continued Initial Case Management Conference; and (2) extend the Initial Case Management Conference until October 26, 2009, so that the parties may conclude settlement negotiations. The parties propose to report to the Court by September 28, 2009, regarding case status, prospects of settlement, and case management scheduling, if needed.

IT IS SO STIPULATED.

I attest that concurrence in the filing of this joint status report, stipulation, and [proposed] order has been obtained from Mr. Jon K. Wactor, the attorney for Defendants Bradley Mining Company and Frederick Bradley, Trustee for the Worthen Bradley Family Trust.

Dated: June 17, 2009         /s/ Robert D. Mullaney

                             Robert D. Mullaney
                             Environmental Enforcement Section
                             U.S. Department of Justice
                             301 Howard Street, Suite 1050
                             San Francisco, California 94105
                             Tel: (415) 744-6491
                             Fax: (415) 744-6476
                             Attorneys for Plaintiff United States of America

Dated: June 17, 2009         /s/ Jon K. Wactor

                             Jon K. Wactor
                             Wactor & Wick LLP
                             180 Grand Avenue, Suite 950
                             Oakland, California 94612
                             Tel: (510) 465-5750
                             Fax: (510) 465-5697
                             Attorneys for Defendants Bradley Mining Company and Frederick Bradley, as Trustee of the Worthen Bradley Family Trust

[~~PROPOSED~~] ORDER

GOOD CAUSE APPEARING, IT IS ORDERED that:

(1) all proceedings in this matter, with the exception of any further mediation-related proceedings, shall be stayed until the continued Initial Case Management Conference;

(2) the Initial Case Management Conference, which is currently set for 1:30 p.m. on July 27, 2009, shall be continued until 1:30 p.m. on October 26, 2009, or a date thereafter that is set by the Court;

(3) the United States' response to the counterclaims is not due until December 28, 2009, 60 days after the continued Initial Case Management Conference; and

(4) the parties shall provide a joint report to the Court on case status, prospects of settlement, and case management scheduling, if needed, by September 28, 2009.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: 06/19/09



THELTON E. HENDERSON, JUDGE