JOHN C. CRUDEN
Acting Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

ROBERT D. MULLANEY (Cal. Bar No. 116441)
Trial Attorney
Environmental Enforcement Section
U.S. Department of Justice
301 Howard Street, Suite 1050
San Francisco, CA 94105
Tel:  (415) 744-6491
Fax:  (415) 744-6476
E-mail:  Robert.Mullaney@usdoj.gov

Attorneys for Plaintiff United States of America

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> BRADLEY MINING COMPANY, et al., <br><br> Defendants. | Case No. 3:08-CV-03968 TEH <br><br> JOINT STATUS REPORT, STIPULATION, AND [PROPOSED] ORDER |

On June 18, 2009, Plaintiff United States and Defendants Bradley Mining Company ("Bradley Mining") and Frederick Bradley, as Trustee of the Worthen Bradley Family Trust ("Bradley Trust"), filed a joint status report, stipulation, and proposed Order to stay the proceedings and continue the initial case management conference. Docket No. 36. The Court entered its Order on June 22, 2009, granting the stay and continuing the case management conference until October 26, 2009. Docket No. 37. Pursuant to the Court's Order, the parties provide this joint report on case status, prospects of settlement, and case management scheduling, and submit a proposed Order to the Court.

**I.     CASE BACKGROUND**

　　A.　　Sulphur Bank Mercury Mine - Case No. 3:08-CV-03968 (TEH)

The United States filed this case on August 19, 2008, alleging that Bradley Mining and the Bradley Trust are liable under Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9607, for costs incurred by the United States in connection with releases and threatened releases of hazardous substances at or from the Sulphur Bank Mercury Mine Site in Lake County, California ("Sulphur Bank Site"). In an Order dated October 30, 2008, the Court, with the consent of all parties, assigned Martin Quinn as the Mediator in this case. Docket No. 17. At the parties' request, the Court stayed this case on November 17, 2008, to allow the parties to participate in mediation before engaging in initial disclosures. Docket No. 21.

　　B.　　Stibnite Mine - Case No. 3:08-CV-05501 (TEH)

On September 26, 2008, the United States filed an action under Section 107 of CERCLA, 42 U.S.C. § 9607, against Bradley Mining in the District Court of Idaho for recovery of costs incurred by the United States in connection with the Stibnite Mine Site in Valley County, Idaho. Pursuant to the parties' stipulation, the District of Idaho ordered that the venue be changed to the Northern District of California.

In response to the parties' stipulation and the United States' motion in the Sulphur Bank case, this Court determined the Sulphur Bank and Stibnite Mine cases were related on December 23, 2008. Case No. 3:08-CV-03968 TEH, Docket No. 31. On January 16, 2009, in response to a

stipulation from the parties, this Court ordered that the Stibnite Mine litigation be stayed to allow the parties to participate in mediation before engaging in initial disclosures.  Case No. 3:08-CV-05501 TEH, Docket No. 15.

### C. Mediation

On March 2 and 3, 2009, Plaintiff, the United States of America, and Defendants, Bradley Mining and Bradley Trust, participated in a mediation session with Mr. Quinn.  In addition, representatives of the Elem Tribe attended the mediation.  The Elem Tribe, which is a trustee for natural resources at the Sulphur Bank Site under 42 U.S.C. § 9601(16), had asserted, but not yet filed, cost recovery and natural resource damage claims under 42 U.S.C. § 9607 against Bradley Mining, Bradley Trust, and the United States.[1/]  Finally, representatives of two of Defendants' three insurance carriers attended the session.

At the mediation, the parties and the Elem Tribe reached an agreement in principle to settle the United States' claims against the Defendants in the Sulphur Bank and Stibnite Mine cases, the Defendants' counterclaims against the United States in the two cases, the Elem Tribe's potential claims against the Defendants and the United States, and other matters.

## II. CURRENT STATUS

Because the agreement in principle involved a transfer of some real property that contains hazardous substances, the United States has negotiated with the Elem Tribe about the terms of the settlement of its claims.  The United States and the Elem Tribe have taken substantial steps to resolve these issues.  During the summer of 2009, the U.S. Environmental Protection Agency ("EPA") conducted additional sampling on those parcels of real property that are being considered for transfer to the Elem Tribe as part of the ongoing settlement negotiations.  The additional sampling is necessary to assist the parties in determining the scope and geographic distribution of contamination on these parcels.  The initial sampling carried out in late May revealed additional areas on these parcels having potential contamination. EPA

---

[1/] In a demand dated May 16, 2009, the Elem Tribe provided written notice of its CERCLA claim to the United States.

conducted a second round of sampling in late August to characterize these new areas and to verify the initial sampling results. EPA expects to receive a report presenting the analytical results from this latest round of sampling in late September or early October, and will discuss the results with the Elem Tribe. Based on this report, the parties intend to further refine the boundaries of the real property that will be transferred to the Elem Tribe as part of the settlement.

The United States provided a draft Consent Decree to Defendants and the Elem Tribe on July 17, 2009. Counsel for the Elem Tribe responded with comments on the draft on September 1, 2009. Counsel for Defendants provided comments on the draft on September 9, 2009. The United States is reviewing these comments and intends to send a revised draft to the parties for their review.

In addition, the United States and Defendants continue to pursue settlement negotiations with two additional insurers of Bradley Mining. One insurer provided a coverage letter to Bradley Mining on July 22, 2009, and indicated its interest in resolving this matter through further negotiation. On September 14, 2009, the second insurer of Bradley Mining sent a draft settlement form to Bradley Mining and the United States for review. Negotiations with both insurers are ongoing.[2]

The agreement in principle is not binding on the United States, the Defendants, or the Elem Tribe because final approval of the principal terms of the settlement and the terms of any settlement document on the part of the United States is subject to the approval of senior officials at the U.S. Department of Justice, U.S. EPA, and the U.S. Forest Service. At this point, the United States is drafting a revised Consent Decree to send to Defendants and the Elem Tribe for their review. After the parties agree to the terms of a Consent Decree, the parties intend to finalize the agreement.

If approved, the United States will then lodge the Consent Decree with the Court in both

---

[2] If negotiations with these insurers are not productive, the parties are prepared to terminate negotiations with the insurers and to reserve their rights to proceed separately against the insurers.

the Sulphur Bank and Stibnite Mine actions for a thirty-day public comment period. Final approval by the United States and entry of a proposed Consent Decree is subject to the Department of Justice's requirements set forth at 28 C.F.R. § 50.7, which provides for notice of the lodging of the Consent Decree in the Federal Register, a thirty-day public comment period, and consideration of any comments. After expiration of the thirty-day public comment period, the United States will review any comments. If there is no reason for the United States to withhold its consent, the United States will submit a Motion to Enter the Consent Decree that will address any public comments received. The Court's entry of the Consent Decree will constitute a final judgment between and among the United States, the Elem Tribe, and the Defendants.

### III. STIPULATION REGARDING PROPOSED ORDER

As provided in the proposed Order below, the parties jointly stipulate and request the Court to: (1) stay all proceedings in this matter, with the exception of any further mediation-related proceedings, until the continued Initial Case Management Conference; and (2) extend the Initial Case Management Conference until February 1, 2010, so that the parties may conclude settlement negotiations. The parties propose to report to the Court by January 4, 2010, regarding case status, prospects of settlement, and case management scheduling, if needed.

IT IS SO STIPULATED.

I attest that concurrence in the filing of this joint status report, stipulation, and [proposed] order has been obtained from Mr. Jon K. Wactor, the attorney for Defendants Bradley Mining Company and Frederick Bradley, Trustee for the Worthen Bradley Family Trust.

Dated: September 28, 2009        /s/ Robert D. Mullaney

        Robert D. Mullaney
        Environmental Enforcement Section
        U.S. Department of Justice
        301 Howard Street, Suite 1050
        San Francisco, California  94105
        Tel:  (415) 744-6491
        Fax:  (415) 744-6476
        Attorneys for Plaintiff United States of
         America

Dated: September 28, 2009        /s/ Jon K. Wactor

Jon K. Wactor
Wactor & Wick LLP
180 Grand Avenue, Suite 950
Oakland, California 94612
Tel: (510) 465-5750
Fax: (510) 465-5697
Attorneys for Defendants Bradley Mining
Company and Frederick Bradley, as Trustee of the
Worthen Bradley Family Trust

## [PROPOSED] ORDER

GOOD CAUSE APPEARING, IT IS ORDERED that:

(1) all proceedings in this matter, with the exception of any further mediation-related proceedings, shall be stayed until the continued Initial Case Management Conference;

(2) the Initial Case Management Conference, which is currently set for 1:30 p.m. on October 26, 2009, shall be continued until 1:30 p.m. on February 1, 2010;

(3) the United States' response to the counterclaims is not due until April 2, 2010, 60 days after the continued Initial Case Management Conference; and

(4) the parties shall provide a joint report to the Court on case status, prospects of settlement, and case management scheduling, if needed, by January 4, 2010.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated:  09/29/09

_____
THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT